IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| VERONICA RODRIGUEZ, an individual, ERENDIDA PEREZ, an individual, and SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, INC., d/b/a HOUSING RIGHTS CENTER, INC., a California nonprofit corporation,<br><br>            Plaintiffs,<br>    vs.<br><br>MOUNTAIN QUAIL PROPERTIES LLC, a California limited liability company,<br><br>            Defendant. | Case No.: CV14-09442-PA (JCx)<br><br>Assigned to Courtroom: 15<br>The Hon. Percy Anderson<br><br>**CONFIDENTIALITY ORDER**<br><br>[CHANGE MADE BY COURT TO PARAGRAPH 11]<br><br>Action Commenced: 12/9/2014<br>Trial Date:  Not Set<br>Discovery Cut-Off:  Not Set<br>Law & Motion Cut-Off:  Not Set |

The parties having entered into a Stipulation for the entry of a Confidentiality Order to govern the disclosure, dissemination, and use of "Confidential Information" produced by the parties in this action, and the Court having reviewed the Stipulation and finding good cause for the entry of such an order, HEREBY ORDERS THAT:

///

///

**CONFIDENTIAL INFORMATION**

    **1.**    Plaintiff Southern California Housing Rights Center ("HRC") contends that information regarding the investigative techniques used by the HRC staff and information relating to any investigation carried out by the HRC is confidential and the public disclosure of such information would jeopardize ongoing and future testing of other property owners' practices in the City and County of Los Angeles, and would tax the limited resources of the HRC by requiring them to continually find and use new anonymous testers and new investigative techniques. Therefore, Plaintiff HRC seeks to designate documents related to its testers and investigative techniques as confidential. *See Shammouh v. Karp*, 1996 U.S. Dist. LEXIS 16334 (E.D. Pa. Nov. 5, 1996) (holding good cause exists to treat information regarding the identities of testers and investigative techniques as confidential).

    **2.**    Parties also seek to designate as Confidential Information documents pertaining to the ownership or operation of the subject properties, as well as the financial and personal information pertaining to tenants, employees, or independent contractors associated with the management of the subject properties.

    **3.**    Any documents or things produced in discovery that contain or reveal Confidential Information or that are designated as Confidential Information under the terms of the Order, and all copies, recordings, abstracts, excerpts, analyses, court filings, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such Confidential Information shall be deemed to be Confidential Information until and unless the court rules otherwise.

    **4.**    The provisions of the Order shall not apply to information which can be shown by competent evidence to be: i) in the public domain at the time of disclosure or, through no fault of the Receiving Party, in the public domain after the time of disclosure; ii) known to or developed by the Receiving Party prior to

the time of disclosure; or iii) obtained from a third party unrelated to the parties or action and not within its employ.

**DOCUMENTS**

**5.** For the purposes of this Confidentiality Order, "Documents" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or created by a Party or another person, and whether produced in response to a discovery request, subpoena, agreement, or otherwise.

**PARTIES**

**6.** A "Disclosing Party" is the party who produces or discloses Confidential Information, or on whose behalf such information is disclosed, to a receiving party's attorneys. A "Receiving Party" is any party (either Plaintiff or a defendant) that receives or is permitted to receive Confidential Information from the Disclosing Party under the Order.

**DESIGNATION OF CONFIDENTIALITY**

**7.** Confidential Information shall be disclosed by the parties and their counsel only in accordance with the terms of this Confidentiality Order and shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose. The following describes the procedure for designating "Confidential Information" as "Confidential."

    a. Confidential Information may be designated by a Disclosing Party as "Confidential" by marking it as "Confidential" or by designating the information as "Confidential" by any separate writing sufficient to identify the information which is provided to the Receiving Party.

    b. Where such designation is made by stamping or similar means, it shall be made by placing notice on the document, thing, response to discovery, deposition or court transcript or record, information, or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a

manner as will not interfere with the legibility or accessibility of the Confidential Information.

      c.     Information and documents designated as "Confidential Information" shall be subject to the disclosure restrictions of the Order. Any Receiving Party or other person who receives a document so designated is subject to this Confidentiality Order and the jurisdiction of the Central District of California for enforcement of the Order.

      d.     If a party wishes to challenge the designation of a document or portion of a document as "Confidential," the party challenging the designation shall meet and confer in good faith with the designating party in an attempt to resolve the dispute pursuant to Local Rule 37-1. If the parties are unable to resolve their dispute, they agree to file a joint stipulation, including all issues in dispute and the contentions and points of authorities of each party, prior to seeking adjudication of the matter pursuant to Local Rule 37-2 and Fed. R. Civ. P. 26(c). Any motion challenging a confidential designation must be filed in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). The party seeking confidentiality has the burden of establishing that protection is warranted under Fed. R. Civ. P. 26(c).

**DISCLOSURE**

    **8.**    Confidential Information disclosed by a Disclosing Party under the Order shall be used by the Receiving Party only for purposes of this litigation and not for any business, commercial, scientific, competitive, or other purpose whatsoever .

    **9.**    Nothing in this Confidentiality Order shall be construed to impose affirmative obligations on the Court or court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged under seal. Confidential Information shall not be disclosed by the parties or their

///

counsel to anyone other than the Court and its officers, counsel and their agents and employees, and the parties.

    **10.** Counsel may disclose Confidential Information to qualified third-parties employed or retained to assist in the prosecution, defense, or settlement of this action, such as investigators, expert witnesses and technical advisers. Anyone (other than the Court and its personnel) who is allowed to receive Confidential Information shall be provided with a copy of this Confidentiality Order and shall sign a Non-Disclosure Agreement in form set forth below or in a substantially similar form before such disclosure is made:

    Non-Disclosure Agreement

    I, (name of individual), have read and fully understand the Confidentiality Order dated _____, in the action *Rodriguez et al vs Mountain Quail Properties LLC.*, in the United States District Court for the Central District of California. I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the Central District of California for any proceedings with respect to said Confidentiality Order. I will not divulge to persons other than those specifically authorized by said Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Court. Dated:

    (Signature)
    (Address)
    (Telephone)

    **11.** Confidential Information may be filed with the Court under seal only in accordance with the District Judge's requirements in connection with the Central District of California's Pilot Project for the Electronic Submission and Filing of

Under Seal Documents as detailed in Paragraph 9 of the Standing Order filed on December 9, 2014 (Docket No. 8).

12.     Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving "Confidential Information" will be raised, shall so advise the Court.

**INADVERTENT DISCLOSURE**

13.     In the event that a party discovers after they have produced information that they have inadvertently failed to designate as "Confidential Information," that was not designated as Confidential, the disclosing party may designate the information as Confidential by a subsequent notice in writing identifying the information and furnishing the correct designation, in which event the parties shall henceforth treat such information as provided in the Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

**OTHER**

14.     Nothing in this Confidentiality Order shall affect the admissibility of any Confidential Information in this action.  By producing the confidential documents, producing Parties do not waive any objection to the confidential documents' admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

15.     Within 30 days after the termination of this action all Confidential Information produced by a party shall be returned to that party's counsel.

16.     Nothing in this Confidentiality Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action.  The execution of this Confidentiality Order shall not preclude any party from objecting to discovery that it believes to be improper, from moving the Court for confidentiality

///

orders in the course of this litigation, or from moving for an order modifying or expanding this Confidentiality Order as needed.

**17.** This Confidentiality Order shall survive the final termination of this action. The Court shall retain jurisdiction to enforce this Confidentiality Order for six months after the final termination to resolve any dispute concerning the use of Confidential Information.

**18.** The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

**IT IS SO ORDERED**.

DATED: June 1, 2015

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE